Michael J. Parise, ABA No. 7906044
Michael B. Baylous, ABA No. 0905022
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone:  907-264-3303
Facsimile:   907-276-2631
Email:         PariseM@Lanepowell.com
                   BaylousM@Lanepowell.com

Attorneys for Wells Fargo Bank, NA, Wells Fargo Bank, Alaska,
NA, National Bank of Alaska, and Wells Fargo Home Mortgage

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| FREDERICK BULLOCK, RENEE BULLOCK & JERICA BULLOCK,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, NA, WELLS FARGO BANK, ALASKA, NA, NATIONAL BANK OF ALASKA, WELLS FARGO HOME MORTGAGE, THE SECRETARY OF VETERANS AFFAIRS, its Successors in Office as Such, and/or Assigns, ALL OTHER UNKNOWN DEFENDANTS,<br><br>Defendants. | Case No. 3:14-cv-00010-TMB<br><br>**MOTION TO DISMISS** |
|---|---|

Pursuant to Federal Civil Rule 12(b)(6), Defendants Wells Fargo Bank, NA, Wells Fargo Bank, Alaska, NA, National Bank of Alaska, and Wells Fargo Home Mortgage (collectively "Wells Fargo") move to dismiss the "Complaint for Compensatory Damages, Punitive, Damages, Civil Penalties Under Title AS 06. Consumer Protection and Other Relief" (the "Complaint") [Dkt. 3-1] for failure to state a cause of action upon which relief can be granted.

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."[ ] Notably, pro se complaints, must be "liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers...."[ ] When considering a motion to dismiss evaluating the sufficiency of a complaint under Rule 12(b)(6), courts generally assume that all *1062 allegations in the complaint are true, even if doubtful in fact.[ ]

In order to survive a motion to dismiss, a complaint must include "[f]actual allegations [that are] enough to raise a right to relief above the speculative level."[ ] In order to do so, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "[ ] "[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[ ] In determining whether a complaint pleads sufficient facts to cross "the line between possibility and plausibility," courts may disregard "[t]hreadbare" legal conclusions.[ ] Then courts should determine whether the well-pleaded allegations "plausibly establish" the claims or whether they fail in light of "more likely explanations."[ ] "[T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."[ ] However, a plaintiff need not plead "all facts necessary to carry" his or her burden.[ ] "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[ ][1]

In 1994, Fredrick Bullock as borrower obtained a loan to purchase a house located at Lakloey Drive, Northpole, Alaska 99705 (the "Property"). [Complaint at 4, ¶ 1; Note attached as Ex. 1.][2] The terms of that loan are memorialized in a November 9, 1994, Note. As security for repayment of the Note, Fredrick conveyed a deed of trust against the Property to Northland Mortgage Company as beneficiary on November 9, 1994. [Deed of Trust attached as Ex. 2.] On or about December 15, 2010, the Property was sold at a non-judicial foreclosure sale to Well Fargo Bank, N.A. [Trustee's Deed attached as Ex. 3.] Wells Fargo Bank, N.A. then conveyed the Property to the Secretary of Veterans Affairs (the "VA"). [Special Warranty Deed attached as Ex. 4.] On or about April 22, 2011, the VA initiated an eviction action against Plaintiffs.

---

[1] *Nicdao v. Chase Home Finance*, 839 F. Supp. 2d 1051, 1061-62 (D. Alaska 2012) (internal citation omitted.)

[2] There are two exceptions to the general rule that courts should not consider materials outside the pleadings when ruling on a motion to dismiss for failure to state a claim. *Id*. at 1062.

> First, courts may consider materials submitted with or relied on by the complaint, even if they are not physically attached to the complaint, where their authenticity is not disputed.[ ] Second, courts may take judicial notice of matters of public record under Federal Rule of Evidence 201.[ ] This exception applies to undisputed matters of public record, as opposed to disputed facts stated in public records.[ ]

*Id*. (Internal citation omitted.) Thus, the Court can consider the Note, referenced by Renee in the Complaint, and the recorded documents that are attached.

**Motion to Dismiss**
*Bullock v. Wells Fargo Bank, NA, et al.* **(Case No. 3:14-cv-00010-TMB)** Page 2 of 3

[*Secretary of Veteran Affairs v. Bullock, et al.*, 4FA-11-1673CI.]  Plaintiffs have since been evicted from the Property.

Renee Bullock has filed a *pro se* Complaint, purportedly on behalf of Frederick and Jerica Bullock, and herself.  The Complaint is not signed by Frederick or Jerica.  Renee titles the Complaint as a claim "Under AS 06. Consumer Protection."  Presumably, Renee is claiming violation of AS 45.50.471(b)(52), which makes violations of AS 06.60.340 (mortgage lending regulations) an act or practice prohibited by Alaska's Unfair Trade Practices and Consumer Protection Act.  The Complaint is a jumble of vague and conclusory allegations lacking context that are generally incomprehensible.  Renee complains about the handling of complaints she has made to Wells Fargo and various state and federal entities [Complaint at 5, 7, ¶¶ 5,7], and about the application of settlement funds the State of Alaska purportedly received [Complaint at 6, ¶ 6].  She further complains about the condition of the Property when it was in Plaintiffs' possession [Complaint at 7-8, ¶ 8], and circumstances surrounding the VA's eviction of Plaintiffs from the Property [Complaint at 7-9, ¶¶ 8, 10, 11].  She also concludes with no explanation that errors by some unspecified entities in the processing of loan payments occurred at some unspecified time [Complaint at 4, ¶ 3] and concludes that a "Nigerian 419 check scam" occurred in 2001 [Complaint at 5, ¶ 4].

Renee does not present factual allegations of specific conduct that violated Alaska's mortgage lending regulations.  She does not allege how Fredrick, as borrower of the loan and previous owner of the Property, is entitled to relief let alone how she and Jerica, who have no interest in the property and no relationship with Wells Fargo, are entitled to relief.   Under the plausibility standard, even as applied to *pro se* litigants, the Complaint fails to state a cognizable claim and should be dismissed.

DATED this 23rd day of January, 2014.

LANE POWELL LLC
Attorneys for Wells Fargo Bank, NA, Wells Fargo Bank, Alaska, NA, National Bank of Alaska, and Wells Fargo Home Mortgage

By   s/  Michael B. Baylous
   Michael J. Parise, ABA No. 7906044
   Michael B. Baylous, ABA No. 0905022

I certify that on January 23, 2014, a copy of
the foregoing was served by mail on:
Frederick Bullock, Renee Bullock, Jerica Bullock
PO Box 1093, Sterling, AK 99672

s/  Michael B. Baylous
105727.1254/5254921.1

**Motion to Dismiss**
*Bullock v. Wells Fargo Bank, NA, et al.* **(Case No. 3:14-cv-00010-TMB)**          Page 3 of 3