FREDERICK BULLOCK, et al    v.    WELLS FARGO BANK, NA., et al 

THE HONORABLE TIMOTHY M. BURGESS

DEPUTY CLERK                                    CASE NO.   3:14-cv-00010-TMB 

 Robin Carter 

PROCEEDINGS: **MINUTE ORDER FROM CHAMBERS**    DATE: January 24, 2014

### NOTICE REGARDING MOTION TO DISMISS

Defendants have filed a motion to dismiss in the above-captioned case.[1]  Plaintiffs opposition (including any supporting documents) or notice of non-opposition to the motion to dismiss motion must be filed and served within **twenty-one (21) days of the date the plaintiff was served with the motion**.[2]

Where a party moves to dismiss based upon failure to state a claim, and matters outside the pleadings are presented, the motion is treated as a motion for summary judgment.[3]  This motion may present facts that are not disputed and argue that these facts entitle the moving party to judgment as a matter of law, without a trial.

Plaintiffs are, therefore, advised that Federal Rule of Civil Procedure 56 sets forth the requirements for opposing a motion for summary judgment.[4]  Plaintiffs are also advised that if

---

[1]  *See* Doc. 4.

[2]  *See* D.Ak.LR 7.1(f).

[3]  *See* Fed.R.Civ.P. 12(b)(6).

[4]  Although the United States Court of Appeals for the Ninth Circuit requires Rule 56 notice for pro se *prisoner* litigants, *see Rand v. Rowland*, 154 F.3d 952, 960-62 (9th Cir. 1998) (en banc), it is the practice of this court to give fair notice to *all* pro se litigants.

he or she fails to respond to the motion to dismiss, the court may grant the motion and find in favor of defendants.

Federal Rule of Civil Procedure 56 states in relevant part:

**... (c) Procedures.**

**(1)** *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

**(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

**(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

**(2)** *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

**(3)** *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.

**(4)** *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d)** **When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

**(1)** defer considering the motion or deny it;

**(2)** allow time to obtain affidavits or declarations or to take discovery; or

**(3)** issue any other appropriate order.

**(e)** **Failing to Properly Support or Address a Fact**. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

**(1)** give an opportunity to properly support or address the fact;

**(2)** consider the fact undisputed for purposes of the motion;

**(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

**(4)** issue any other appropriate order.

...

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

Although the actual text of Federal Rule of Civil Procedure 56 controls in any dispute as to its interpretation, the court provides the following brief explanation of the Rule's requirements:

To oppose the motion, Plaintiff must provide the Court with evidence supporting his or her claims or defenses. Under Federal Rule of Civil Procedure 56(c), Plaintiff may provide the following types of proof:

1. Plaintiff may rely on the statements made in the pleadings if the pleading (a) was signed under penalty of perjury; (b) shows that the person signing the pleading has personal knowledge (i.e., "first-hand" or "non-hearsay" knowledge) of the matters stated; and (c) Plaintiff calls the court's attention to those parts of the pleading relied.

2. Plaintiff may file and serve, upon the court and opposing counsel, one or more **affidavits or declarations** setting forth facts that Plaintiff believes will prove his/her claims or defense. Any person signing an affidavit or declaration must have personal knowledge of the facts stated. At the end of a declaration or

affidavit, the document must state "I declare under penalty of perjury that the foregoing is true and correct" and must be signed by the individual who has the personal knowledge. Any declarations or affidavits that are unsigned will _not_ be considered. or affidavits that are unsigned will _not_ be considered.

3. Plaintiff may submit copies of documents _so long as_ Plaintiff provides proof that the records are what s/he claims are (i.e., Plaintiff must declare under penalty of perjury that the documents are true and correct copies, and must specify where s/he got the documents).

4. Plaintiff may rely upon all or part of the transcript of a deposition, answers to interrogatories, or admissions obtained in this proceeding.

To successfully oppose the motion, Plaintiff must set forth information in declarations or affidavits, and other documents which, when viewed together with his/her declarations or affidavits, and other documents convinces the court that his/her claims should go to trial.

In rare cases, if a party has good reason why facts are not available to him or her when required to oppose a motion for summary judgment, the court _may_ consider a request to postpone a ruling on a motion for summary judgment. To support a request for postponement, the party must provide the court and opposing counsel with an affidavit or declaration (signed under penalty of perjury) setting forth the reasons the facts are unavailable and how the party expects the facts to support his or her claims.

If Plaintiff does not file and serve a written opposition with supporting documents or a request to postpone with a supporting affidavit or declaration, the court _may_ consider the failure to act as consent to the granting of Defendant's motion.

Finally, the court notes that there is _no_ right to an oral hearing on a motion to dismiss or for summary judgment. Under Local Rule 7.1(j), the court has the discretion to rule on the

papers filed, without oral argument.  If the court decides to hear oral argument, the court has the discretion to order that the hearing be conducted telephonically rather than in person.

This notice shall constitute the only such notice from the court concerning the motion to dismiss for failure to state a claim.  The court will not be providing any further information regarding the interpretation of Federal Rule of Civil Procedure 56, and cannot entertain unsolicited inquiries about the applicable rules of procedure.

Plaintiffs shall file a response to the motion to dismiss at docket number 4 **on or before** <u>2/18/14</u> or judgment may be entered in Defendants favor, without further opportunity for Plaintiff to respond or oppose.


**IT IS SO ORDERED.**