IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FREDERICK A. BULLOCK; RENEE A. BULLOCK, and JERICA J. BULLOCK,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.; WELLS FARGO BANK, ALASKA, N.A.; NATIONAL BANK OF ALASKA; WELLS FARGO HOME MORTGAGE; and SECRETARY, U.S. DEPARTMENT OF VETERANS AFFAIRS,<br><br>Defendants. | No. 3:14-cv-00010-TMB<br><br>**ORDER RE: MOTIONS AT DOCKETS 4, 24, and 32** |

Plaintiffs Frederick A. Bullock; Renee A. Bullock, and Jerica J. Bullock, appearing *pro se*, have brought this action seeking damages allegedly suffered as a result of the foreclosure of a deed of trust on residential real property and the ensuing eviction. Pending before the Court are three motions.

At **Docket 4** Defendants Wells Fargo Bank, N.A., Wells Fargo Bank, Alaska, N.A., National Bank of Alaska, and Wells Fargo Home Mortgage (collectively "Wells Fargo") have moved to dismiss the Complaint.[1] Plaintiffs have opposed the motion,[2] and Wells Fargo has replied.[3]

---

[1] Although ostensibly brought under Fed. R. Civ. P. 12(b)(6), because it includes matters outside the pleadings, the Court treats it as a motion for summary judgment under Fed. R. Civ. P. 56. *See* Minute Order at Docket 6.

[2] Dockets 17, 25.

[3] Docket 21.

At **Docket 24** Plaintiffs have moved to amend the Complaint to add parties. Wells Fargo has opposed that motion.[4/] Although the time for doing so has lapsed, it does not appear that Plaintiffs have replied.

At **Docket 32** Plaintiffs filed a document styled as a "Motion for Status Hearing." The time for opposing that motion has not yet lapsed.

The Court has determined that oral argument would not assist in resolving the issues presented. Accordingly, the matters are submitted for decision on the moving and opposing papers.[5/]

DISCUSSION

The Court having reviewed the Complaint agrees with Wells Fargo that, as presently drafted, it does not comply with the requirements of notice pleading and/or the rules of practice and procedure, and should be dismissed. However, it does not appear that Plaintiffs can properly plead a viable cause of action. Accordingly, Plaintiffs will be granted leave to file an amended complaint.[6/]

This Court follows the general rule that the pleadings and documents filed by *pro se* parties are to be liberally construed.[7/] However, even *pro se* litigants must comply with the rules of practice and procedure.[8/] The Federal Rules of Civil Procedure (including an Appendix of Forms) and Local (Civil) Rules may be found online at http://www.akd.uscourts.gov in the "Reference" section under "Rules." ***Failure to follow these rules may result in the pleading or paper being stricken***. The Court notes in particular that Plaintiffs have consistently failed to comply with the requirements of Local Rule 10.1 "Form of Pleadings, Motions, and Other Papers."

---

[4/] Docket 29.

[5/] D.Ak. LR 7.2(a).

[6/] *See Hartman v. California Dept. of Corr. and Rehab.*, 707 F.3d 1141, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

[7/] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

[8/] *See, e.g., Faretta v. California*, 422 U.S. 806, 834–35, n.46 (1975).

Further guidance may be found in the "Pro Se Handbook," also found online in the "Reference" Section.

In drafting their amended complaint, Plaintiffs should follow the "who, what, when rule," and separately plead each cause of action. That is, for each right Plaintiffs contend has been violated, Plaintiffs should separately plead by a short, succinct statement of facts, including: (1) the date on which the act occurred; (2) the party or parties who committed the act; (3) the act that the party(ies) allegedly committed that violated a legally protected right of Plaintiffs; (4) the right that was allegedly violated; and (5) the damages Plaintiffs contend resulted from the wrongful act, or other relief to which the Plaintiffs claim entitlement.

Plaintiffs are further cautioned that no person, other than an attorney admitted to practice before this Court, may represent any party, or sign any pleading or document on behalf of any party to this action. *Pro se litigants may only represent themselves, they may not represent or otherwise act on behalf of any other party to the action*.

ORDER

**IT IS THEREFORE ORDERED THAT**:

1. The Motion of Defendants Wells Fargo Bank, N.A., Wells Fargo Bank, Alaska, N.A., National Bank of Alaska, and Wells Fargo Home Mortgage to Dismiss at **Docket 4** is **GRANTED**.
2. Plaintiffs' Motion to Amend Defendant Party Names at **Docket 24** is **DENIED**, as moot.
3. Plaintiffs' Motion for Status Hearing at **Docket 32** is **DENIED**, as moot.
4. Plaintiffs are hereby granted through and including **June 30, 2014**, within which to file an amended complaint consistent with this Order.

Dated: June 5, 2014

          s/ Timothy M. Burgess
          TIMOTHY M. BURGESS
          United States District Judge