Barry Donnellan, ABA No. 7210045
937 8th Avenue
Fairbanks, Alaska 99701
Telephone: 907-456-2309
Facsimile: 907-456-2308
Email: barryd@alaska.net

Attorney for Frederick R. Bullock and Renee Bullock

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

------------------------------------------

FREDERICK R. BULLOCK and
RENEE BULLOCK,

        Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

        Defendant.

------------------------------------------

Case No. 3:14-cv-00010-TMB

**AMENDED COMPLAINT**

Plaintiffs Frederick R. Bullock and Renee Bullock, in amendment of all complaints heretofore filed, allege as follows:

1. Plaintiffs are Frederick R. Bullock and Renee Bullock, residents of the State of Alaska.

2. Defendant is Wells Fargo Bank, N.A.

3. In 1994, Frederick R. Bullock purchased real property (North Pole Property) improved with a residence and located at 1191 Lakloey Drive, North Pole, Alaska. The legal description of the property is Lot 19, Willow Acres Subdivision, Plat No. 78-102 filed June 9, 1978, Fairbanks Recording District, Fourth Judicial District, State of Alaska.

4. Frederick R. Bullock financed the purchase by means of a loan in the amount of $75,705. The loan was secured by a deed of trust (Deed of Trust) to TransAlaska Title Insurance Agency, Inc., as trustee for the benefit of Northland Mortgage Company.

5. The underlying note (Note) in favor of Northland Mortgage Company called for payments to be made at National Bank of Alaska (NBA).

6. NBA assigned the number "982567" to its file in the matter. This is the same number assigned by NBA to another file involving real property (Anchorage Property) located at 300 West 123rd Avenue, Anchorage, Alaska and also standing in the name of plaintiff Frederick R. Bullock.

7. Plaintiffs discharged the mortgage on the North Pole Property in 2002.

8. During the period 1994 to 2002, plaintiffs resided on the Property as husband and wife.

9. The Note, marked "PAID", was mailed to Frederick R. Bullock at the Anchorage address set out above. By that time, a different party was in possession of the Anchorage Property.

10. The Note, marked as aforesaid, was forwarded to plaintiff Frederick R. Bullock. For reason that escrow agents never consciously separate deeds of trust from the underlying notes, plaintiffs allege that the Deed of Trust, also marked "PAID", was included in the mailing described above.

11. Plaintiffs are in possession of the Note, marked as aforesaid.

12. Through mesne assignments not understood by plaintiffs, Wells Fargo Bank, N.A. (Wells Fargo) succeeded to the interest of Northland Mortgage Company in the Note and Deed of Trust.

13. By the time of the assignment described next above, the mortgage on the North Pole Property had been discharged.

Case No. 3:14-cv-00010-TMB
Bullock v. Wells Fargo Bank, N.A.
Page 2 of 4

Case 3:14-cv-00010-TMB   Document 35   Filed 06/30/14   Page 2 of 4

14. Through mesne substitutions not understood by plaintiffs, Alaska Trustee LLC succeeded TransAlaska Title Insurance Agency as trustee under the Deed of Trust.
15. By the time of the substitution described next above, the mortgage on the North Pole Property had been discharged.
16. All the while, plaintiffs acquiesced in demands by Wells Fargo and paid far in excess of the amounts required to discharge the mortgages on both the North Pole Property and the Anchorage Property.
17. Plaintiffs divorced in 2009. Plaintiff Renee Bullock remained in possession of, and continued to reside on, the North Pole Property.
18. In 2010, Wells Fargo, acting through Alaska Trustee and ignoring vehement protestations by plaintiff Renee Bullock that the mortgage on the North Pole Property had been discharged, foreclosed on the Deed of Trust.
19. In 2011, plaintiff Frederick R. Bullock conveyed the interest he then held in the North Pole Property to plaintiff Renee Bullock.
20. In 2012, Wells Fargo, all the while ignoring vehement protestations by plaintiff Renee Bullock that the foreclosure on the Deed of Trust was void, evicted her from the North Pole Property.
21. Ever since her eviction from the North Pole Property, plaintiff Renee Bullock has been homeless. The entire process of harassment by Wells Fargo, foreclosure on the Deed of Trust, and eviction from the North Pole Property has caused her to suffer extreme mental and physical distress.
22. Meanwhile, Wells Fargo caused or permitted the residence on the North Pole Property to be trashed.
23. Wells Fargo holds record title to, and is in possession of, the North Pole Property.

24. Wells Fargo refused, and continues to refuse, to provide plaintiffs with an accounting. In particular, Wells Fargo refused, and continues to refuse, to provide plaintiffs with copies of the ledger sheets pertaining to the North Pole Property and/or the Anchorage Property.
25. Wells Fargo refused, and continues to refuse, to produce the Deed of Trust on which it foreclosed for inspection by plaintiffs.
26. As a result of the conduct of Wells Fargo, plaintiffs sustained damages, the exact amount of which will be proven at trial.
27. The conduct of Wells Fargo is so outrageous as to entitled plaintiffs, and each of them, to punitive and exemplary damages.

Wherefore, plaintiffs, and each of them, demand judgment against Wells Fargo Bank N.A. as follows:

a) Setting aside the foreclosure on the North Pole Property and restoring plaintiff Renee Bullock to title and possession thereof.
b) Compelling an accounting in matters pertaining to the mortgages on both the North Pole Property and the Anchorage Property.
c) For compensatory damages in such amount as may be proven at trial.
d) For punitive and exemplary damages in such amount as may be proven at trial.
e) For costs and attorney fees incurred in this action.
f) For such other relief as may be just and proper in the circumstances.

Dated 6-30-2014

Barry Donnellan
Barry Donnellan, ABA No. 7210045
Attorney for plaintiffs

Case No. 3:14-cv-00010-TMB
Bullock v. Wells Fargo Bank, N.A.
Page 4 of 4