Michael J. Parise, ABA No. 7906044
Michael B. Baylous, ABA No. 0905022
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-264-3303
Facsimile: 907-276-2631
Email: PariseM@Lanepowell.com
BaylousM@Lanepowell.com

Attorneys for Wells Fargo Bank, N.A.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| FREDERICK R. BULLOCK and RENEE BULLOCK,<br><br>          Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>          Defendants. | Case No. 3:14-cv-00010-TMB<br><br>**WELLS FARGO'S**<br>**MOTION FOR SUMMARY JUDGMENT** |

    Pursuant to Federal Civil Rule 56(a), Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves for summary judgment (1) dismissing Plaintiffs' Complaint in its entirety and (2) quieting title to the subject property in Wells Fargo.

## I. INTRODUCTION

    Plaintiffs' contend they paid off a 30-year home loan in eight years, and contend, when Wells Fargo foreclosed the property securing that loan during year 16 of the loan, the loan had already been discharged. Plaintiffs do not articulate a specific cause of action against Wells Fargo, but seek, among other things, rescission of the foreclosure and compensatory and punitive damages. Plaintiffs cannot support their position. Business records and recorded documents outline a history of defaults, near-foreclosures, and modifications, not accelerated repayment of the loan. Thus, Plaintiffs' claim, under their unspecified legal theory, fails, and Wells Fargo respectfully requests it be dismissed.

Further, Plaintiffs have recorded various instruments that encumber Wells Fargo's title to the property. No factual or legal basis supports these recordings, and Wells Fargo respectfully requests that they be cleaned from title and titled be vested solely in Wells Fargo.

## II. BACKGROUND

### A. The Loan and Transfer of Interests Therein.

In 1994, Plaintiff Frederick R. Bullock ("Mr. Bullock") obtained a loan (the "Loan") to purchase a house located at 1191 Lakloey Drive, North Pole, Alaska 99705 (the "Property"), legally described as:

> LOT 19, WILLOW ACRES SUBDIVISION, ACCORDING TO THE OFFICIAL PLAT THEREOF FILED JUNE 9, 1978, AS PLAT NO. 78-102; RECORDS OF THE FAIRBANKS RECORDING DISTRICT, FOURTH JUDICIAL DISTRICT, STATE OF ALASKA

[May 18, 2015 Decl. of Andrea Kruse ("Kruse Decl." ¶ 6] The terms of the Loan are memorialized in a November 9, 1994 Note (the "Note"). [*Id*.] The Loan was a 30-year fixed loan with an original principal balance of $75,705 and a 9.5 percent interest rate. [*Id*.] The Loan was secured by a November 9, 1994 Deed of Trust (the "DOT") against the Property to Northland Mortgage Company as beneficiary. [*Id*. ¶ 7]

By Assignment dated November 9, 1994, Northland Mortgage Company assigned all interests in the Note and the DOT to National Bank of Alaska ("NBA"). [*Id*. ¶ 8] By Assignment dated December 1, 2000, NBA assigned its interest in the Note and the DOT to Wells Fargo Home Mortgage, Inc. ("WFHM"). [*Id*. ¶ 9] In 2004, WFHM merged into Wells Fargo Bank N.A., becoming a division thereof, and Wells Fargo became the successor beneficiary of the Note and DOT. [*Id*. ¶ 10]

### B. History of Defaults and Foreclosures.

Mr. Bullock had trouble making payments throughout the life of the Loan. [*Id*. ¶ 16] Starting shortly after loan origination, Mr. Bullock began missing payments and making late payments. [*Id*.] NBA sent numerous default letters warning of foreclosure during the first years of the Loan. [*Id*.]

By September 2001, Mr. Bullock was over six months behind on payments, and, on September 12, 2001, Wells Fargo initiated foreclosure of the Property. [*Id*. ¶ 12] At that time,

**Wells Fargo Bank, N.A.'s Motion for Summary Judgment**
*Bullock v. Wells Fargo Bank, N.A.* (Case No. 3:14-cv-00010-TMB)                    Page 2 of 7

Case 3:14-cv-00010-TMB   Document 52   Filed 05/19/15   Page 2 of 7

over $71,903.52 was owed on the Loan. [*Id*.] Thereafter, payments were made, and the foreclosure was terminated. [*Id*.]

Mr. Bullock again started missing payments, and a second foreclosure was initiated on February 28, 2002. [Kruse Decl. ¶ 13] At that time, over $71,402.84 was owed on the Loan. [*Id*.] Mr. Bullock continued to miss payments, but, on May 21, 2002, Mr. Bullock executed a Partial Reinstatement Repayment Agreement whereby acknowledging the debt and agreeing to make a payment of $8,000. [*Id*. ¶ 14] That same day, Mr. Bullock made the $8,000 payment, and the second foreclosure was terminated in September 2002. [*Id*.]

Mr. Bullock continued to miss payments, and on January 1, 2004, a third nonjudicial foreclosure of the Property was initiated. [*Id*.¶ 17] To reinstate the Loan, Mr. Bullock executed a Loan Modification Agreement dated March 18, 2004, whereby acknowledging the debt and promising to repay modified principal balance of $76,285.00. [*Id*.]

On March 10, 2005, a fourth foreclosure was initiated after Mr. Bullock again defaulted. [*Id*. ¶ 18] To reinstate the Loan, Mr. Bullock executed a Loan Modification Agreement dated March 8, 2006, whereby again acknowledging the debt and promising to repay modified principal balance of $80,257.52. [*Id*.]

On July 10, 2008, a fifth foreclosure was initiated. [*Id*. ¶ 19] On July 10, 2008, the foreclosure was terminated. [*Id*.]

On January 7, 2010, with the Loan more than two years delinquent, a sixth foreclosure was initiated. [*Id*. at 20] At that time, Mr. Bullock owed more than $77,419. [*Id*.] On December 15, 2010, Wells Fargo, as offset bidder, purchased the Property at the foreclosure sale. [*Id*. at 21.] Thereafter, Wells Fargo conveyed the Property to the Secretary of Veterans Affairs (the "VA"). [*Id*. ¶ 22] The VA later quitclaimed the Property back to Wells Fargo, and Wells Fargo currently owns the Property. [*Id*.]

**C. Plaintiffs' Obstruction of Title to Property.**

Multiple documents have been recorded that purport Plaintiff Renee Bullock ("Ms. Bullock") has an interest in the Property. These documents include:

1. "Quit Claim Deed" recorded August 26, 2011, in Fairbanks Recording District as document number 2011-015812-0, attached as Exhibit A.

**Wells Fargo Bank, N.A.'s Motion for Summary Judgment**
*Bullock v. Wells Fargo Bank, N.A.* **(Case No. 3:14-cv-00010-TMB)** Page 3 of 7

Case 3:14-cv-00010-TMB   Document 52   Filed 05/19/15   Page 3 of 7

2. "Corrective Quit Claim Deed" recorded October 1, 2012, in Fairbanks Recording District as document number 2012-019627-0, attached as Exhibit B.

3. "Declaration Homestead" recorded February 16, 2012, in Fairbanks Recording District as document number 2012-002623-0, attached as Exhibit C.

4. "Notice of Lis Pendens" recorded May 31, 2012, in the Fairbanks Recording District as document number 2012-009869-0, attached as Exhibit D.

5. "Agreement between Owner and Contractor Individual" recorded September 13, 2010, in Fairbanks Recording District as document 2010-016883-0, attached as Exhibit E.

6. "Claim of Mechanic's Lien" recorded March 10, 2011, in Fairbanks Recording District as document number 2011-003891-0, attached as Exhibit F.

7. "Notice of Non-Responsibility/Individual" recorded July 27, 2012, in the Fairbanks Recording District as document number 2012-014204-0, attached as Exhibit G.

8. "Notice of Completion" recorded July 27, 2012, in the Fairbanks Recording District as document number 2012-014205-0, attached as Exhibit H.

### III. STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 65(a). The materiality requirement ensures that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The burden of persuasion is on the moving party. *Celotex Corat v. Catrett*, 477 U.S. 317, 323 (1986). However, once a moving party has established the absence of a genuine issue of fact, "the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). "A party opposing summary judgment must offer more than a mere scintilla of evidence." *Binder v. Gillespie*, 184 F.3d 1059, 1067 (9th Cir. 1999). And, "[a] trial court can consider only admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); Fed. R. Civ. P. 56(c)(2).

**Wells Fargo Bank, N.A.'s Motion for Summary Judgment**
*Bullock v. Wells Fargo Bank, N.A.* (Case No. 3:14-cv-00010-TMB)                                                                 Page 4 of 7

Case 3:14-cv-00010-TMB   Document 52   Filed 05/19/15   Page 4 of 7

## IV. ARGUMENT

### A. Borrower's Loan Defaults Caused Property Foreclosure, and Plaintiffs' Claims Wells Fargo Wrongfully Foreclosed Should Be Dismissed.

Plaintiffs allege they "discharged the mortgage on the North Pole Property in 2002." [Dkt. 35 at 2 (Am. Compl. ¶ 7)] Plaintiffs further allege they are in possession of the Note marked "PAID." [Dkt. 35 at 2 (Am. Compl. ¶ 11)] Plaintiffs have provided no evidence in support of their allegation that the Loan was discharged in 2002. At year-end 2002, $70,606.40 in principal remained owing on the Loan, and, during the prior two years, Mr. Bullock's failures to make payments had forced Wells Fargo to initiate two nonjudicial foreclosures. [Kruse Decl. ¶¶ 12-15] Thereafter, Mr. Bullock executed multiple loan modification agreements to rescue the Property from foreclosure. [*Id*. at Exs. R, V, and X] In those modifications, he acknowledged the debt was owed and promised to pay it. When Wells Fargo finally foreclosed on the Property, after years of the Loan in default, over $77,000 in principal was owed. Plaintiffs' contrary position is unsupportable, and their Complaint should be dismissed in its entirety.

### B. Documents Encumbering Property Recorded by Plaintiffs should be Cleaned From Title, and Title should be Vested Solely in Wells Fargo.

**1. Quitclaim Deeds.** The "Quit Claim Deed," [Ex. A] recorded August 26, 2011, but notarized September 17, 2009, purports to convey Mr. Bullock's interest in the Property to Ms. Bullock. It is unclear what the document titled "Corrective Quit Claim Deed" [Ex. B] and recorded October 1, 2012, represents or what it is intended to convey. When Mr. Bullock executed the Quit Claim Deed in 2009, the DOT encumbered his interest, and the DOT encumbered any interest he transferred to Ms. Bullock. Thus, the 2010 foreclosure wiped out Mr. Bullock's interest and any interest Ms. Bullock acquired through Mr. Bullock. Further, when the Quit Claim Deed was ultimately recorded in 2011, Mr. Bullock's interest had already been foreclosed. These documents only confuse the title and should be cleaned from the title.

**2. Declaration Homestead.** Through the "Declaration Homestead," [Ex. C] recorded on February 16, 2012, Ms. Bullock tries to undue the Waiver of Homestead Rights (the "Waiver") she executed in 1994 so Mr. Bullock could obtain the Loan. [Waiver of Homestead Rights, recorded in Fairbanks Recording District as document number 94-25114, attached as Ex. I] In the Declaration Homestead, Ms. Bullock claims to have not understood the effect of the

**Wells Fargo Bank, N.A.'s Motion for Summary Judgment**
*Bullock v. Wells Fargo Bank, N.A.* (Case No. 3:14-cv-00010-TMB)   Page 5 of 7

Case 3:14-cv-00010-TMB   Document 52   Filed 05/19/15   Page 5 of 7

Waiver she executed eighteen years earlier. However, she admits she understood the Waiver was necessary for her husband to obtain the Loan. Ms. Bullock's questionable claim of ignorance eighteen years later does not undue the bargained-for Waiver, and the Declaration Homestead should be cleaned from title.

**3.     Lis Pendens.** The "Notice of Lis Pendens," [Ex. D] recorded on May 31, 2012, pertains to an eviction action in the Fairbanks District Court, case number 4FA-11-01673 CI. That lawsuit is closed, and the document should be cleaned from title.

**4.     Lien.** The document titled "Agreement Between Owner and Contractor/Individual," [Ex. E] recorded September 13, 2010, signed by Mr. Bullock as owner of the Property and by Ms. Bullock as Occupant/Contractor, appears to set forth an agreement between Mr. Bullock and Ms. Bullock regarding work Ms. Bullock performed on the Property. The document titled "Claim of Mechanic's Lien," (the "Claim") [Ex. F] recorded March 10, 2011, signed by Ms. Bullock, attempts to assert a $27,775 lien against the Property for work she purportedly performed on the Property prior to May 1, 2009. The "Notice of Non-Responsibility" [Ex. G] and the "Notice of Completion," [Ex. H] recorded on July 27, 2012, are impossible to understand but appear to relate to the lien claim.[1]

The DOT is superior to any mechanic or materials lien attaching to the Property, *see* AS 34.35.060, and foreclosure of the DOT eliminated any such lien. Further, the lien is unenforceable since the Claim was recorded more than the statutorily-allotted 120 days after completion of work. *See* AS 34.35.068. Finally, a lien can only bind property for six months after recording of claim, *see* AS 34.35.080, and whatever claim Ms. Bullock attempted to assert against the Property would have long ago expired even if it had been timely and not extinguished by the foreclosure. These "lien" documents should be cleaned from tilted.

## V.  CONCLUSION

The Loan was in a near-perpetual state of default from its origination, and prior to foreclosure, no payments had been made on the Loan for over two years. Plaintiffs can advance no factual or legal position that cures this reality. Wells Fargo respectfully requests that the

---

[1] In these various "lien" documents there is reference to Wells Fargo. Wells Fargo did not contract Ms. Bullock, or engage her, to perform any work on the Property. [Kruse Decl. ¶ 23]

**Wells Fargo Bank, N.A.'s Motion for Summary Judgment**
*Bullock v. Wells Fargo Bank, N.A.* **(Case No. 3:14-cv-00010-TMB)**                                                                                    Page 6 of 7

Case 3:14-cv-00010-TMB   Document 52   Filed 05/19/15   Page 6 of 7

Court grant summary judgment (1) dismissing Plaintiffs' Complaint, and (2) quieting title to the Property in Wells Fargo.

DATED this 19th day of May, 2015.

                                              LANE POWELL LLC
                                              Attorneys for Wells Fargo Bank, N.A.

                                              By   s/  Michael B. Baylous
                                                  Michael J. Parise, ABA No. 7906044
                                                  Michael B. Baylous, ABA No. 0905022

I certify that on May 19, 2015, a copy of
the foregoing was served electronically on:

Richard L. Pomeroy, Richard.Pomeroy@usdoj.gov

and by depositing in the U.S. mail to:

Barry Donnellan, 937 8th Ave., Fairbanks, AK 99701
Jerica Bullock, PO Box 1093, Sterling, AK 99672

s/  Michael B. Baylous
105727.1555/6270576.2

**Wells Fargo Bank, N.A.'s Motion for Summary Judgment**
*Bullock v. Wells Fargo Bank, N.A.* **(Case No. 3:14-cv-00010-TMB)**        Page 7 of 7

Case 3:14-cv-00010-TMB   Document 52   Filed 05/19/15   Page 7 of 7